**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| MICHELLE COOK,  Plaintiff, | § § § |
| v. | § § |
| CREDIT SYSTEMS INTERNATIONAL, INC., and RADIOLOGY ASSOCIATES OF NORTH TEXAS, P.A.,  Defendants. | § § § § § § |

4:19-CV-308-SDJ-KPJ

## MEMORANDUM OPINION AND ORDER

The following motions are pending before the Court:

1. Defendants Credit Systems International, Inc. and Radiology Associates of North Texas, P.A.'s (together, "Defendants") Motion to Strike ("Defendants' First Motion") (Dkt. 45), to which Plaintiff Michelle Cook ("Plaintiff") filed a response (Dkt. 54), Defendants filed a reply (Dkt. 57), and Plaintiff filed a sur-reply (Dkt. 62);

2. Plaintiff's Motion to Strike ("Plaintiff's First Motion") (Dkt. 46), to which Defendant Credit Systems International, Inc. ("Credit Systems") filed a response (Dkt. 55), Plaintiff filed a reply (Dkt. 58), and Credit Systems filed a sur-reply (Dkt. 61);

3. Defendants' Second Motion to Strike ("Defendants' Second Motion") (Dkt. 56), to which Plaintiff filed a response (Dkt. 59), Defendants filed a reply (Dkt. 63), and Plaintiff filed a sur-reply (Dkt. 64);

4. Plaintiff's Second Motion to Strike ("Plaintiff's Second Motion") (Dkt. 60), to which Defendants filed a response (Dkt. 65);[1] and

5. Plaintiff's Motion to Continue Trial and to Reopen Limited Discovery (the "Motion to Continue") (Dkt. 80), to which Defendants filed an expedited response (Dkt. 87).

On June 16, 2020, the Court held a hearing regarding the Motions to Strike (the "Hearing"). *See* Dkt. 79. For the reasons explained below, the Court finds that Defendants' First Motion (Dkt. 45) is **DENIED AS MOOT**, Plaintiff's First Motion (Dkt. 46) is **DENIED**, Defendants' Second

---

[1] Where applicable, the Court will refer to Defendants' First and Second Motions and Plaintiff's First and Second Motions collectively as the "Motions to Strike."

1

Motion (Dkt. 56) is **DENIED AS MOOT**, Plaintiff's Second Motion (Dkt. 60) is **DENIED**, and Plaintiff's Motion to Continue (Dkt. 80) is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

On April 24, 2019, Plaintiff filed this suit against Radiology Associates of North Texas, P.A. ("Radiology") and Credit Systems, alleging that Radiology violated the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 *et seq*. ("TDCA"), and Credit Systems violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). *See* Dkt. 1. On October 22, 2019, the Court entered a Scheduling Order (Dkt. 19), setting the deadline for discovery on February 5, 2020. The Court's Scheduling Order provides:

> Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this Order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both.

Dkt. 19 at 5. Additionally, the Scheduling Order requires the parties to disclose all "names of persons likely to have, and documents containing, information 'relevant to the claim or defense of any party,'" without awaiting a discovery request. *Id*. at 4 (citing Local Rule CV-26(d)).

Radiology and Credit Systems filed motions for summary judgment, with Plaintiff filing partial motions for summary judgment as to each Defendant. *See* Dkt. 18, 32, 35, 39. Subsequently, Plaintiff and Defendants filed the Motions to Strike, with each party arguing that the other failed to timely disclose documents submitted as part of the summary judgment record. *See* Dkts. 45, 46, 56, 60. At no point during the pendency of this case did any party contact the Court regarding any discovery dispute or request the Court to extend the discovery deadline.

On June 12, 2020, the District Court reset the parties' Final Pretrial Conference to October 22, 2020. *See* Dkt. 76.

On June 16, 2020, the Court held the Hearing to address the Motions to Strike. *See* Dkt. 79. During the Hearing, the Court noted the numerous discovery issues between the parties and the possibility that extending discovery would have been beneficial to both Plaintiff and Defendants. *See id*. On June 17, 2020, Plaintiff filed the Motion to Continue (Dkt. 80), wherein Plaintiff requests that the Court continue trial and reopen discovery prior to ruling on the parties' pending motions for summary judgment.

On July 2, 2020, the Court entered a Report and Recommendation (Dkt. 88) recommending that Plaintiff's claims against Radiology be dismissed. The parties have already filed their respective Motions in Limine (Dkts. 70, 73) and Joint Proposed Final Pretrial Order (Dkt. 67) with the Court.

## II.  LEGAL STANDARD

### A. MOTION TO STRIKE

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Fifth Circuit has provided four factors that should guide a district court's evaluation of whether a violation of Rule 26 is harmless. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Those factors include: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

## B. EXTENSION OF DISCOVERY

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause standard "requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotations omitted). In determining whether the movant has shown good cause under Rule 16(b)(4), courts are to consider the following factors: (1) the party's explanation; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice. *See id.* at 536.

## III. ANALYSIS

### A. THE PARTIES' MOTIONS TO STRIKE

In Defendants' First and Second Motions, Defendants argue that Plaintiff's Credit Karma Report, Plaintiff's Supplemental Rule 26 Disclosures, and Plaintiff's Receipt of Dispute submitted through Experian ("Experian Receipt of Dispute") should be struck from the summary judgment record, as they were not timely disclosed. *See* Dkt. 45 at 1; Dkt. 56 at 2. In Plaintiff's First and Second Motions, Plaintiff argues that Credit Systems did not timely disclose its bona fide error defense, the identity of Victoria Sheedy ("Sheedy"), Credit Systems' Supplemental Disclosures and responses, Credit Systems' Second Supplemental Initial Disclosures, Credit Systems' Supplemental Objections and Responses to Plaintiff's Second Request for Disclosures, and Credit Systems' sealed confidential documents numbered CSI0031–0038 ("Confidential Documents"), and thus, Plaintiff argues they should be struck from the record. *See* Dkt. 46 at 1; Dkt. 60 at 1. Plaintiff further argues Defendants improperly disclosed Exhibit 1 and Exhibit 4 attached to Defendants' Second Motion. *See* Dkt. 60 at 1. In response to the Motions to Strike, both parties

argue that their respective documents were timely produced, or in the alternative, any untimely disclosure was substantially justified or harmless. *See generally* Dkts. 54, 55, 59, 65.

### 1. Plaintiff's Credit Karma Report

Plaintiff attached the Credit Karma Report to her response to Credit Systems' Motion for Summary Judgment (Dkt. 42), wherein Plaintiff argued the Credit Karma Report supported her contention that Credit Systems is not entitled to a bona fide error defense. *See* Dkt. 42 at 5–6. In Defendants' First Motion, Defendants argue the Court should strike Plaintiff's Credit Karma Credit Report, as it was not disclosed in discovery. In response, Plaintiff conceded that she did not timely produce the Credit Karma Report in discovery because counsel did not timely receive the document from his client. After the Hearing, Plaintiff notified the Court of her intent to withdraw the Credit Karma Report from the record. Accordingly, Defendants' First Motion (Dkt. 45) is **DENIED AS MOOT** as to Plaintiff's Credit Karma Report.

### 2. Plaintiff's Supplemental Rule 26 Disclosures

On February 18, 2020, Radiology filed a reply in support of its Motion for Summary Judgment (Dkt. 41), arguing that Plaintiff failed to provide the Court with any evidence of actual damages as required by the TDCA. *See* Dkt. 41 at 7. On February 20, 2020, two weeks after the discovery deadline, Plaintiff served her Supplemental Rule 26 Disclosures. *See* Dkt. 45-3 at 2, 4. In Plaintiff's Supplemental Rule 26 Disclosures, Plaintiff stated her damage calculations *for the first time*, stating that she is seeking "damages for mental anguish and injury to her credit rating" from Radiology. *Id*. at 4. Plaintiff's Supplemental Rule 26 Disclosures is the only evidence before

the Court supporting Plaintiff's claim of actual damages, which is an essential element of her claim against Radiology.

In Defendants' First Motion, Defendants move the Court to strike Plaintiff's Supplemental Rule 26 Disclosures as untimely. *See* Dkt. 45 at 2. In response, Plaintiff argues that Plaintiff timely supplemented her Rule 26 Disclosures after she realized their "incompleteness." Dkt. 54 at 2.

As discussed in the Court's Report and Recommendation (Dkt. 88) regarding Radiology's Motion for Summary Judgment (Dkt. 18) and Plaintiff's Cross-Motion for Partial Summary Judgment Against Radiology (Dkt. 35), the Court finds that Plaintiff's claims against Radiology fail on other grounds. *See* Dkt. 88. Thus, the Court did not review Plaintiff's Supplemental Rule 26 Disclosures in deciding the Motions for Summary Judgment concerning Plaintiff's claims against Radiology. Therefore, the Court finds that Defendants' First Motion (Dkt. 45) is **DENIED AS MOOT** as to Plaintiff's Supplemental Rule 26 Disclosures.

### 3. Credit Systems' Bona Fide Error Defense

The parties' Scheduling Order required that all discovery be completed by February 5, 2020. *See* Dkt. 19. On January 2, 2020, Plaintiff served a set of discovery requests on Credit Systems. *See* Dkt. 79. On January 29, 2020, Defendants filed an unopposed motion for the Court to enter a protective order, which the Court granted on January 30, 2020. *See* Dkts. 30, 31. Credit Systems produced responses to Plaintiff's discovery requests on February 3, 2020. *See* Dkt. 55-4 at 2. On February 5, 2020, the last date of the discovery period, Credit Systems supplemented its initial disclosures. *See* Dkt. 55-11 at 2.

In Plaintiff's First Motion, Plaintiff requests that the Court strike the following from the record because they were not timely disclosed: (1) Credit Systems' bona fide error defense; (2) Credit Systems' Cross Motion for Summary Judgment (Dkt. 39); (3) the Affidavit of Victoria

Sheedy dated February 12, 2020 (the "Sheedy Affidavit"); and (4) all of Credit Systems' supplemental disclosures and responses. *See* Dkt. 46 at 1. In response, Credit Systems argues that all of the materials Plaintiff wishes to strike from the record were disclosed during the discovery period, or in the alternative, the timing of Credit Systems' disclosure was substantially justified. *See* Dkt. 55 at 1. Specifically, Credit Systems' argues, and Plaintiff does not dispute, that it was not informed by Plaintiff until November 2019, of Plaintiff's dispute regarding the collections account submitted through Equifax on April 1, 2019.[2] *See* Dkt. 39-3 at 3; Dkt. 55-10 at 2–3. According to the Sheedy Affidavit, Credit Systems conducted an internal investigation upon being notified of Plaintiff's dispute regarding the April 1, 2019, collections account submitted through Equifax. *See* Dkt. 39-3 at 3–4. The Sheedy Affidavit states that Credit System's internal investigation led Credit Systems to discover the alleged software glitch, giving rise to its bona fide error defense, for the first time. *See id.* at 4. Credit Systems argues that it sought a protective order after the conclusion of its internal investigation in order to produce documents related to the investigation. *See* Dkt. 55 at 5. After the Court entered the Protective Order (Dkt. 31), Credit Systems produced the documents and responses related to its bona fide error defense. *See id.*; Dkt. 38.

Further, in Credit Systems Initial Rule 26 Disclosures, produced on August 6, 2019, Credit Systems identified a nameless corporate representative and custodian of records as a person with discoverable information; however, Sheedy was not identified as the corporate representative or otherwise as a person with knowledge. *See* Dkt. 55-1 at 2–3. On December 20, 2019, Sheedy verified Credit Systems' first set of interrogatories. *See* Dkt. 55-2 at 2, 5. On February 5, 2020, Sheedy verified Credit Systems' First Supplemental Objections and Responses to Plaintiff's First

---

[2] In her Complaint, Plaintiff merely alleged Credit Systems "communicated credit information about the Plaintiff which is known or should have been known to be false to third parties." Dkt. 1 at 4.

Set of Interrogatories. *See* Dkt. 55-3 at 2. In the Sheedy Affidavit, Sheedy testified that she is Corporate Counsel and custodian of records for Credit Systems, and she is familiar with the facts and circumstances in this case "based upon a review and examination of the books and records maintained by [Credit Systems] in the regular course of business." Dkt. 39-3 at 2. At the Hearing, Credit Systems clarified that Sheedy testified in the Sheedy Affidavit in her corporate representative capacity and not as a fact witness. *See* Dkt. 79.

From the facts described above, the Court finds Credit Systems adequately disclosed its bona fide error defense and all related supplemental disclosures and responses prior to the close of discovery, and thus, these disclosures were timely. As to the identity of Sheedy, the Court finds that Credit Systems should have identified Sheedy by name as its corporate representative in its disclosures. However, the Court finds that this error is harmless, as the Court is reopening the discovery period as to Credit System's bona fide error defense, for which Sheedy provided testimony. Therefore, Plaintiff's First Motion (Dkt. 46) is **DENIED** in its entirety.

   **4. Plaintiff's April 22, 2019, Dispute with Experian**

In Defendants' Second Motion, Defendants move to strike Plaintiff's Experian Receipt of Dispute, which was attached to Plaintiff's sur-reply to Credit Systems' Cross-Motion for Summary Judgment, as being untimely disclosed. *See* Dkt. 56 at 1–2. In response, Plaintiff argues that she did not previously disclose the Experian Dispute "because it was not relevant to her claims or Defendants' defenses" and was only necessary to show that Credit Systems' allegation made in its reply in support of its Cross-Motion for Summary Judgment was false. Dkt. 59 at 1.

Plaintiff admits that the Experian Receipt of Dispute was not produced to Defendants during the discovery period. *See id*. Thus, the Experian Receipt of Dispute was not timely disclosed. However, as Plaintiff produced the Experian Receipt of Dispute in support of her

argument against Credit Systems' bona fide error defense, *see* Dkt. 52 at 3, Credit Systems' timeliness argument is now moot, as the Court is reopening the discovery period as to this limited issue. Therefore, the Court finds that Defendants' Second Motion (Dkt. 56) is **DENIED AS MOOT**.

### 6. Defendants' Supplemental Discovery

On March 5, 2020, Plaintiff filed Plaintiff's Motion to Compel Responses to Discovery Requests From Defendant Credit Systems (the "Motion to Compel"), seeking "all Automated Credit Dispute Verifications 'ACDV' and Automated Universal Data form 'AUD' and responses to the debt or Plaintiff and all e-OSCAR transmissions, communications, or records relating to the debt." Dkt. 51 at 2. The clerk's office marked the Motion to Compel as "deficient," as Plaintiff failed to include a certificate of conference in the Motion to Compel and the Court does not permit any party to file a motion to compel without leave of Court, which Plaintiff failed to seek. *See* Docket Entry on March 6, 2020. Credit Systems asserts that it nevertheless disclosed the documents subject to the Motion to Compel after conferring with Plaintiff regarding the discovery motion, which Plaintiff now seeks to have struck from the record. *See* Dkt. 65 at 2.

In Plaintiff's Second Motion, Plaintiff argues that the following should be struck from the record because they were not produced in a timely fashion: (1) Credit Systems' Second Supplemental Initial Disclosures; (2) Credit Systems' Supplemental Objections and responses to Plaintiff's Second Request for Disclosures; and (3) Credit Systems' Confidential Documents. *See* Dkt. 60 at 3. In response, Defendants assert that the documents and disclosures at issue were the subject of Plaintiff's deficient Motion to Compel (Dkt. 51), and thus, Defendants merely supplemented the record with documents specifically requested by Plaintiff. *See* Dkt. 65 at 1. The Court finds that Plaintiff's Second Motion (Dkt. 60) is meritless, and thus, is **DENIED** as to Credit

Systems' Second Supplemental Initial Disclosures, Credit Systems' Supplemental Objections and Responses to Plaintiff's Second Request for Disclosures, and Credit Systems' Confidential Documents.

### 7. Confidential Settlement Communications

In Plaintiff's Second Motion, Plaintiff argues that Exhibit 1 and Exhibit 4 to Defendants' Second Motion (Dkts. 56-1, 56-4) should be struck from the record as disclosing confidential settlement negotiations in violation of Federal Rule of Evidence 408. *See* Dkt. 60 at 1. In response, Defendants argue that the pertinent parts of Exhibit 1 and Exhibit 4 do not involve settlement negotiations and any disclosure of settlement negotiations was for a purpose permitted by Rule 408. *See* Dkt. 65 at 3–4.

Federal Rule of Evidence 408 prohibits the use of "conduct or a statement made during compromise negotiations about the claim" for the purpose of either proving or disproving the validity or amount of a disputed claim or "to impeach by a prior inconsistent statement or a contradiction." FED. R. EVID. 408(a). However, Rule 408 permits courts to admit such evidence "for another purpose." *Id*. at 408(b).

In Defendants' Second Motion, Defendants argue Exhibit 1 and Exhibit 4 illustrate Plaintiff's counsel's "trial by ambush" tactics and that Defendants would be prejudiced if Plaintiff's Experian Receipt of Dispute was not struck from the record. *See* Dkt. 56 at 3. Further, upon review of Exhibit 1 and Exhibit 4, the Court finds any disclosure of settlement negotiations was inadvertent, as the pertinent information contained in the exhibits concerned discovery methods and disputes between the parties. *See* Dkts. 56-1, 56-4. Therefore, Plaintiff's Second

Motion (Dkt. 60) is **DENIED** as to Defendants' Exhibit 1 (Dkt. 56-1) and Exhibit 4 (Dkt. 56-4) in support of Defendants' Second Motion.

### B. PLAINTIFF'S MOTION TO CONTINUE

In the Motion to Continue, Plaintiff argues the Court should reopen discovery to allow the parties to supplement the summary judgment record because Credit Systems disclosed multiple documents on the eve of the discovery deadline. *See* Dkt. 80 at 2. In response, Defendants argue that Plaintiff refused to extend discovery prior to the close of discovery and Defendants would be prejudiced by any continuance. *See* Dkt. 87 at 2.

Under the parties' Scheduling Order, the discovery period closed on February 5, 2020. *See* Dkt. 19. Prior to filing the Motion to Continue on June 17, 2020, Plaintiff did not seek to extend the discovery deadline at any point prior to or after the close of discovery. In fact, the record before the Court shows that Plaintiff refused to agree to extend the discovery deadline when Defendants' sought to do so in effort to avoid the very position in which the parties now find themselves. *See* Dkt. 56-4 at 2. Instead, Plaintiff waited to seek an extension of the discovery period until after the Hearing, wherein the Court reprimanded Plaintiff's counsel for his failure to timely disclose multiple documents relevant to the claims and defenses present in this case. *See* Dkt. 79.

Nevertheless, upon review of the remaining motions for summary judgment (Dkts. 32, 39), the Court finds that the summary judgment record is sparse as to Credit Systems' bona fide error defense. While the Court finds that the documents related to Credit Systems' bona fide error defense were disclosed during the discovery period and within a reasonable time after Credit Systems became aware of such a claim, it cannot be disputed that the timing of their disclosure left Plaintiff no opportunity to seek additional discovery related to Credit Systems' bona fide error defense during the discovery period. Thus, allowing a short extension of discovery limited only to

Credit Systems' bona fide error defense is necessary in order for the Court to properly rule on the parties' pending motions for summary judgment. As the parties' Final Pretrial Conference has already been rescheduled to October 22, 2020, no continuance of trial is necessary. The Court finds that justice requires, and thus, good cause exists, for briefly reopening the discovery period limited to Credit Systems' bona fide error defense. Therefore, Plaintiff's Motion to Continue (Dkt. 80) is **GRANTED IN PART** and **DENIED IN PART**, as set forth below.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court finds that Defendants' First Motion (Dkt. 45) is **DENIED AS MOOT**, Plaintiff's First Motion (Dkt. 46) is **DENIED**, Defendants' Second Motion (Dkt. 56) is **DENIED AS MOOT**, Plaintiff's Second Motion (Dkt. 60) is **DENIED**, and Plaintiff's Motion to Continue (Dkt. 80) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS THEREFORE ORDERED** that the discovery period in this case is reopened **until August 6, 2020.** Discovery during this period shall be expedited and limited only to Credit Systems' bona fide error defense. Specifically, any written discovery issued in this period shall be answered and/or objected to no later than ten (10) days from receipt unless otherwise agreed by counsel and any depositions shall be taken upon no later than seven (7) days of notice unless otherwise agreed by counsel. The parties are encouraged to cooperate and reach agreements on completing such expedited discovery in the limited time period as set forth by the Court. Given the time period during which limited discovery is extended, the parties shall immediately notify the Court of any discovery dispute which the parties cannot resolve without court intervention. After reviewing the dispute, the Court will schedule a telephone conference regarding the subject matter of the dispute or order the parties to file an appropriate motion.

**IT IS FURTHER ORDERED** that Plaintiff and Credit Systems shall submit supplemental briefing regarding Plaintiff's Motion for Partial Summary Judgment Against Credit Systems (Dkt. 32) and Credit Systems' Cross Motion for Summary Judgment (Dkt. 39), if any, **by August 20, 2020.** This supplemental briefing shall be limited to Credit Systems' bona fide error defense and shall not exceed ten (10) pages in length.

**IT IS FURTHER ORDERED** that Plaintiff and Credit Systems shall submit responses to the supplemental briefing, if any, **by August 27, 2020**. These responses shall be limited to Credit Systems' bona fide error defense and shall not exceed ten (10) pages in length.

**IT IS FURTHER ORDERED** that Plaintiff and Credit Systems shall submit replies in support of their supplemental briefing, if any, **by September 3, 2020.** These replies shall be limited to Credit Systems' bona fide error defense and shall not exceed five (5) pages in length.

**So ORDERED and SIGNED this 6th day of July, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE