**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MICHELLE COOK,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CREDIT SYSTEMS INTERNATIONAL,** | § | **4:19-CV-308-SDJ-KPJ** |
| **INC., and RADIOLOGY ASSOCIATES** | § | |
| **OF NORTH TEXAS, P.A.,** | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is Plaintiff Michelle Cook's ("Plaintiff") Opposed Motion to Designate Expert Witnesses, to Reopen Discovery, and Continue Trial (the "Motion") (Dkt. 101), to which Defendant Credit Systems International, Inc.'s ("Credit Systems") filed a response in opposition (Dkt. 108). The Court held a hearing regarding the Motion on October 8, 2020 (the "Hearing"). *See* Dkt. 111.

In the Motion, Plaintiff requests that the Court reopen discovery for a period of ninety days to allow the parties to designate experts and conduct discovery regarding Credit Systems' bona fide error defense for trial. *See* Dkt. 101 at 3. In response, Credit Systems argues there is no reasonable basis to reopen discovery and doing so would be prejudicial to Credit Systems.

## I. <u>BACKGROUND</u>

On April 24, 2019, Plaintiff filed this suit against Radiology Associates of North Texas, P.A. ("Radiology") and Credit Systems, alleging that Radiology violated the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 *et seq*. ("TDCA"), and Credit Systems violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). *See* Dkt. 1. Generally,

1

Plaintiff contends that Credit Systems violated the FDCPA by communicating a disputed debt to the credit reporting agencies; Credit Systems claims this communication occurred due to a glitch in its software system. *See* Dkt. 99 at 2–3.

After Plaintiff and Credit Systems each filed motions for summary judgment, *see* Dkt. 32, 39, Plaintiff and Credit Systems each filed several motions to strike, with both parties arguing the other failed to timely disclose documents submitted as part of the summary judgment record. *See* Dkts. 45, 46, 56, 60. In Plaintiff's motions to strike, Plaintiff argued that Credit Systems failed to timely disclose its bona fide error defense. *See* Dkts. 46, 60. At no point during the pendency of this case did any party contact the Court regarding any discovery dispute or request the Court to extend the discovery deadline during the discovery period.

On June 12, 2020, the District Court reset the parties' Final Pretrial Conference to October 22, 2020. *See* Dkt. 76.

One day after the Court held a hearing regarding the pending motions to strike, on June 17, 2020, Plaintiff filed a Motion to Continue (Dkt. 80), wherein Plaintiff requested that the Court continue trial and reopen discovery prior to ruling on the parties' pending motions for summary judgment. *See* Dkt. 79. In addressing Plaintiff's motions to strike, the Court concluded that Credit Systems timely disclosed its bona fide error defense. *See* Dkt. 89 at 11. However, out of an abundance of caution, the Court granted in part and denied in part Plaintiff's Motion to Continue, and the Court reopened discovery for a period of thirty days limited to Credit Systems' bona fide error defense. *See id.* at 11–12. The Court further directed the parties to file supplemental briefing regarding Credit Systems' bona fide error defense by September 3, 2020. *See id.*

On August 20, 2020, the District Court adopted the Court's recommendation that Plaintiff's claims against Radiology be dismissed. *See* Dkt. 91. On September 10, 2020, the Court entered a

report and recommendation (the "Report") (Dkt. 99), concluding that Summary Judgment should be granted in favor of Credit Systems as to all issues except for the application of its bona fide error defense. Specifically, the Court found that a software glitch occurred, but a genuine issue of material fact remains as to whether Credit Systems maintained reasonable policies and procedures in place to avoid a software glitch. *See* Dkt. 99 at 16. On September 28, 2020, the District Court adopted the Report's recommendations. *See* Dkt. 103.

Plaintiff filed the Motion on September 17, 2020. *See* Dkt. 101. The Court held the Hearing regarding the Motion on October 8, 2020. *See* Dkt. 111.

The parties have already filed their respective Motions in Limine (Dkts. 70, 73) and Joint Proposed Final Pretrial Order (Dkt. 67) with the Court.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) governs the modification of a scheduling order once a scheduling order has been issued by the court. Such modification is permissible "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters. V. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, the Court considers four factors: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536. "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.*

If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

### III.    ANALYSIS

The Court finds there is no basis for granting the Motion, as Plaintiff failed to establish any of the four factors considered in the good cause analysis. First, Plaintiff argues that Credit Systems' delay in disclosing its bona fide error defense caused Plaintiff's delay in seeking this continuance. As stated above, the Court found that Credit Systems timely disclosed its bona fide error defense. *See* Dkt. 89. Moreover, the Court has already reopened discovery regarding the bona fide error defense. *See id*. At no time during the original discovery period did Plaintiff make any request to extend the deadline(s) for discovery and/or the designation of experts. As such, Credit Systems did not cause Plaintiff's delay in filing the Motion.

Second, Plaintiff has failed to establish that reopening discovery is important in this case. While Plaintiff argues the Court should reopen discovery so that Plaintiff can designate an expert witness to testify as to whether a software glitch actually occurred and how Credit Systems should have determined its existence, such an expert would be irrelevant to the remaining issues in this case. *See* Dkt. 101 at 2. In deciding Credit Systems and Plaintiffs' cross motions for summary judgment, the Court found that a software glitch caused the second communication of the debt to Plaintiff's credit report. *See* Dkt. 99 at 14–16. As the District Court has adopted the Report, there is no longer a question as to whether a software glitch occurred. *See* Dkt. 103. Thus, there is no need for expert testimony regarding the software glitch, and this factor weighs against granting the Motion.

Third, Plaintiff argues there would not be any prejudice to either party because both parties

could designate experts regarding the software glitch. As stated above, such expert testimony is unnecessary, and delaying trial to allow for such discovery would be extremely prejudicial to Credit Systems. As such, the third and fourth factors weigh against granting the Motion.

### IV.   **CONCLUSION**

Plaintiff has established no reasonable basis for reopening discovery and continuing trial. The Court has already reopened discovery on the bona fide error defense once, and the parties have already filed pretrial documents with the Court. Most importantly, the Court has already found that a software glitch occurred, rendering any expert testimony on that issue completely irrelevant and unnecessary to trial in this matter. Accordingly, Plaintiff's Motion (Dkt. 101) is **DENIED**.

**So ORDERED and SIGNED this 9th day of October, 2020.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE